UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD SCHWARY**<br>*Plaintiff*<br><br>v.<br><br>**GEOVERA SPECIALTY<br>INSURANCE COMPANY**<br>*Defendant* | **CASE NO. 2:23-cv-232**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

**HURRICANE IDA**
**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY**

NOW INTO COURT, through undersigned counsel, comes RONALD SCHWARY who files the instant Complaint for Damages and Request for Jury with the Honorable Clerk of Court for the United States District Court for the Eastern District of Louisiana against GEOVERA SPECIALTY INSURANCE COMPANY. The facts more specifically set forth below are based upon personal knowledge and upon information and belief.

**PARTIES, JURISDICTION, AND VENUE FACTS**

1. Made Plaintiff herein is RONALD SCHWARY ("Plaintiff"), at all times material herein: a person of the full age of majority who is a resident, domiciliary, and citizen of the Parish of Jefferson, State of Louisiana, who owned the Property that is subject to the dispute at issue herein, and who was a named insured under and/or who paid for the policy of insurance with Defendant which was in full force and effect relative to the Property that is subject to the dispute at issue herein.

2. Made Defendant herein is GEOVERA SPECIALTY INSURANCE COMPANY ("Defendant"), at all times material herein: a foreign insurer, domiciliary, and citizen with a domicile and principal place of business outside the State of Louisiana, but authorized to do and doing business in the State of Louisiana, which received full payments for and provided the Policy

of insurance at issue herein, and which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809. Upon information and belief, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, is incorporated in the State of Delaware and has a principal place of business in the State of California. Therefore, Geovera Specialty Insurance Company is a citizen and a domiciliary of the States of Delaware and California.

3. This Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendant. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. In accordance with 28 U.S.C. § 1391, this is proper venue for this civil action as a substantial part of the events and omissions giving rise to this claim occurred in this district.

**BACKGROUND FACTS**

5. At all times relevant herein, Plaintiff owned the following property ("Property") and contents therein located at: 550-552 Victory Dr., Westwego, LA 70094.

6. At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number GC60045912 (the "Policy"), to Plaintiff which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the contents therein, and used this valuation for purposes of determining the premium charge to be made under the Policy at issue.

7. On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port

Fourchon with maximum sustained wind speeds of 150 mph".[1]   A Category 4 storm with unprecedented winds, Ida caused major damage to buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout this Parish. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb".[2]

8.      On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property ("the Loss" or "Property Damage") which was covered under the Policy.

9.      The Property and contents therein were significantly damaged by and suffered a diminution in value as a result of Hurricane Ida.  These significant Hurricane Ida damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

10.     Shortly following Hurricane Ida, Plaintiff reported the Loss to Plaintiff's insurer, Defendant, and was assigned claim number 2124247223 ("the Claim" or "Insurance Claim").

11.     Upon notification of the Loss, Defendant inspected the Property, and provided an estimate on the Claim.  This estimate, however, grossly underreported the Property Damage.

12.     Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

---

[1] https://www.weather.gov/lix/hurricaneida2021
[2] *Id.*

13. Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property Damage caused by Hurricane Ida.

14. As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned counsel was hired, and an expert adjuster was retained to inspect the Property as well as document and estimate Property Damage and/or the Claim.

15. Subsequent to Defendant's inspection of the Property Damage, Plaintiff's expert adjuster inspected the Property and created a report (the "Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida. The following amount was required to be paid by Defendant for repair, damages and/or reimbursement: $154,383.38.

16. On October 11, 2022, Plaintiff provided Defendant an Expert Report, including a line-item estimate and photos extensively detailing and documenting the Property Damage to the dwelling and other structures. This documentation sent to Defendant constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

17. On October 11, 2022, a demand for the release of unconditional tenders regarding damage to Plaintiff's dwelling/structure, other structures, personal property/content damage, and/or additional living expenses/loss of use was sent to Defendant, along with the Expert Report as well as other supporting documentation, demonstrating the losses outlined therein. This documentation sent to Defendant constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

18. Despite receiving this satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds.

19. Plaintiff attempted to recover the remaining amount of the covered damages and/or insurance proceeds due from Defendant to no avail.

20. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property as well as additional general and/or special damages to Plaintiff.

21. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant purposely and/or negligently: a) failed to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresented the terms and conditions of the Policy at issue; c) conducted the investigation and claims handling in bad faith; d) manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value; e) failing to adequately pay for losses as required by the Policy, and/or f) failed to include adequate overhead and profit in its estimates of damages.

22. Plaintiff has incurred and will continue to incur additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

23. Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine and/or prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

24. Plaintiff has sustained and continues to sustain mental anguish and/or inconvenience because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

25. Plaintiff has incurred and/or will incur additional living expenses as a result of the damages caused to the Property by Hurricane Ida, including those additional living expenses that will be incurred during additional repair of the Property.

## CAUSE OF ACTION – Breach of Insurance Contract

26. All allegations contained in this Petition are hereby adopted and re-alleged.

27. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

28. At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

29. Upon information and belief, Defendant breached the Policy and/or insurance contract by purposely and/or negligently: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d) manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to adequately pay insurance proceeds as required by the Policy, and/or f) failing to include adequate overhead and profit in its estimates of damages.

30. Plaintiff has suffered and continues to suffer general, special and/or consequential damages as a result of Defendant's breaches of the insurance contract.

## CAUSE OF ACTION – Bad Faith

31. All allegations contained in this Petition are hereby adopted and re-alleged.

32. The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause - as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

33. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

34. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

35. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to: a) adequately pay claims following satisfactory proof of loss within thirty (30) days, or b) make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

36. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiff provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

37. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

38. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d)

manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statutes, f) failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim, and/or g) failing to include adequate overhead and profit in its estimates of damages.

39. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

40. Plaintiff has suffered and continues to suffer general, special and/or consequential damages as a result of Defendant's bad faith.

## DAMAGES

41. All allegations contained in this Petition are hereby adopted and re-alleged.

42. Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories: a) Breach of contract; b) Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; c) Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

43.     As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages: a) Diminution of the value of the Property; b) Underpayment and/or delayed payment of covered damages/repair costs, c) Actual repair costs, temporary repair costs, as well as increased repair costs; d) Loss of use and/or additional living expenses, e) Personal Property damage; f) Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; g) Mental anguish and/or inconvenience; h) Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action; i) Other general, special and/or consequential damages; and j) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

Plaintiff hereby prays for a trial by jury for all issues outlined herein so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays Defendant be duly cited and served, and after due requirements and proceedings, there be judgment against Defendant in favor of Plaintiff in such sums as the Court deems just, together with legal interest, costs, and all general and equitable relief allowed.  Further, Plaintiff prays for relief and judgment against the Defendant, as follows:

1. Compensatory, general and/or contractual damages;

2. Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;

3. Penalties as a result of Defendant's bad faith;

4. Attorneys' fees as a result of Defendant's bad faith;

5. Prejudgment interest at the highest lawful rate allowed by law;

6. Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. All expenses and costs of this action; and

8. Such further relief as this Court deems necessary, just and proper.

                                Respectfully submitted,

                                **IRPINO, AVIN & HAWKINS LAW FIRM**

                                */s/ John R. Poole*

                                **ANTHONY D. IRPINO (#24727)**
                                airpino@irpinolaw.com
                                **J. BENJAMIN AVIN (#34884)**
                                bavin@irpinolaw.com
                                **J. REED POOLE, JR. (#34034)**
                                rpoole@irpinolaw.com
                                2216 Magazine Street
                                New Orleans, Louisiana 70130
                                Telephone:   (504) 525-1500
                                Facsimile:    (504) 525-1501

**<u>PLEASE SERVE</u>:**

**GEOVERA SPECIALTY INSURANCE COMPANY**
Through its Registered Agent for Service:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809